IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANTHONY REYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | JUDGE |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | JURY DEMAND |
| NASHVILLE AND DAVIDSON COUNTY, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, **ANTHONY REYES** (hereafter "Plaintiff" or "Mr. Reyes"), by and through undersigned counsel, and respectfully submits his Complaint against Defendant **METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE** (hereafter "Defendant"); and alleges the following in his cause of action against Defendant:

### PARTIES

1. Plaintiff, **ANTHONY REYES**, is a citizen and resident of Davidson County, Tennessee.

2. Defendant, Metropolitan Government of Nashville and Davidson County, Tennessee, ("Metro"), is a consolidated city-county government located at 200 James Robertson Parkway, Nashville, Tennessee 37201. Defendant employs more than 500 employees. Defendant can be served through its Director of Law, Saul Solomon, Esq., Metropolitan Government of Nashville, Department of KLaw, Metro Courthouse, Suite 108, P.O. Box 196300, Nashville, Tennessee 37219.

1

## JURISDICTION AND VENUE

3. All of the events complained of herein occurred in this Judicial District and the defendant is an entity contained herein, which gives rise to venue in this district, under 28 U.S.C. § 1391(b).

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and secure equitable relief under any Act of Congress providing for the protection of civil rights.

## FACTS

6. Plaintiff became employed with Defendant as a Metro Police Officer on or around July 24, 2006.

7. Plaintiff is an African-American.

8. On or around December 15, 2013, Plaintiff was involved in a motor vehicle accident in a department vehicle while he was working a secondary job.

9. Plaintiff's extra job privileges were immediately suspended. He was no longer allowed to work through Secondary Employment, North Precinct Crime Reduction Initiatives, and Special Events.

10. Plaintiff contends that he did not read these limitations verbatim; rather he relied on the explanation of Sergeant Nielson.

11. In January of 2014, Plaintiff relocated to the West Precinct.

12. On or around January 20, 2014, Plaintiff submitted a Secondary Employment Request Form through his chain of command for the Grove Apartments where he lived. Plaintiff was trying to be the after-hours officer for his apartment complex.

13. The form was rejected twice by his supervisor for errors, and then was resubmitted for approval. On or around February 14, 2014, West Precinct Commander Marlene Pardue notified Lieutenant Jason Sharpe that Plaintiff's request for secondary employment was denied based upon the memo previously written by Commander Graves concerning his December 2013 incident.

14. On or around February 16, 2014 Plaintiff was informed that his request was denied after a call for service was dispatched for the Grove Apartments and Plaintiff informed dispatch that he could take care of it.

15. Plaintiff did not understand prior to this conversation that he was not allowed to do any work with his apartment complex while his Secondary Employment Request form was pending.

16. On or around February 20, 2014 Plaintiff was decommissioned.

17. On or around February 22, 2014, Plaintiff was demoted from Field Training Officer.

18. As a result of being decommissioned and demoted, Plaintiff lost a significant amount of wages.

19. Thereafter, Plaintiff filed a charge with the EEOC on or around September 5, 2014, EEOC charge #494-2014-02023 alleging race discrimination.

20. Shortly after Defendant received Plaintiff's discrimination complaint, he was terminated on or around September 23, 2014 for allegedly violating metro's department rules and regulations.

21. Plaintiff was terminated for violating Defendant's policy regarding Honesty and Truthfulness because he allegedly was not truthful about his secondary employment at the Grove Apartments.

22. Plaintiff alleges that he was retaliated against for protected activity and treated differently than similarly situated employees outside of his protected class.

23. Caucasian officers received less discipline for similar offenses. For example: Sergeant Michael Waltz and Melvin Brown III turned in Secondary Employment Forms to work a Taylor Swift concert and they were denied by the department; they worked the concert anyway and Defendant found out but they were not terminated; Daniel Walz worked the same concert without even trying to submit a Form after he found out that everyone else's form was rejected; Christopher Tuberville was decommissioned multiple times and accused of being dishonest but still works for Department; and, Gene Martin perjured himself on the stand and is still employed by Defendant.

24. Plaintiff timely filed an amended charge with the EEOC alleging race discrimination and retaliation.

25. Plaintiff has received a Right to Sue letter.

## CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended: Race Discrimination: 42 U.S.C. §2000e et seq.

26. Plaintiff incorporates herein by reference the factual allegations as outlined in prior paragraphs.

27. The conduct described herein constitutes unlawful discriminatory practices on the part of the Defendant in violation of Title VII of the Civil Rights act of 1964.

4

28. Defendant did segregate or classify Plaintiff, based upon his race, in a way that deprived employment opportunities to Plaintiff.

29. Defendant's decision to treat Plaintiff less favorably than his Caucasian co-workers resulted from a knowing and intentional pattern of racial discrimination.

30. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## COUNT THREE: VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended: Retaliation

31. Plaintiff incorporates herein by reference the factual allegations as outlined in prior paragraphs.

32. The conduct described herein constitutes unlawful retaliation practices on the part of the Defendant in violation of Title VII of the Civil Rights act of 1964.

33. Defendant engaged in knowing and intentional acts of retaliation against Plaintiff because of his complaint discrimination based upon his race.

34. Plaintiff was terminated in retaliation for his participation in a protected activity.

35. As a direct and proximate result of Defendant's discriminatory practices, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. That proper process issue be served upon the defendant and that the defendant be required to answer within the time prescribed by law.

5

Case 3:15-cv-01155   Document 1   Filed 11/03/15   Page 5 of 6 PageID #: 5

2. The plaintiff receive compensatory damages, reinstatement, back pay, and front pay against the defendant in an amount supported by the proof in this cause.

3. That this Court grant a permanent injunction in joining the defendant, as officers, successors, assigns and all persons in active consort or participation with it, from engaging in employment practice which discriminates on the basis of age, gender, and/or disability.

4. That this matter be set for a trial by jury.

5. That the plaintiff be awarded her reasonable fees, costs, fees and expenses incurred herein.

6. For all such other general or specific relief to which the plaintiff may be entitled as the Court deems and as justice and equity require.

Respectfully submitted,

ANDY L. ALLMAN & ASSOCIATES

s/Andy L. Allman
Andy L. Allman, BPR No. 17857
131 Saundersville Road, Suite 110
Hendersonville, TN 37075
Telephone: (615) 933-0110
Facsimile: (615) 265-8766
andy@andylallman.com